IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41268
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

RODNEY LYDELL PHILLIPS, also known as Ice

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CR-16-1
--------------------
September 6, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:*

     Rodney Lydell Phillips appeals from his guilty-plea

conviction and sentence for conspiracy to possess with intent to

distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and

841(a).

     Phillips argues that the district court erred in refusing to

grant him a downward departure, pursuant to U.S.S.G. § 5K2.0 and

18 U.S.C. § 3553(b), based on his having provided substantial

assistance to authorities and on the danger in which he was being

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

placed as a result of having divulged such information.  He also cited his status as a married father and his limited criminal history as reasons for departure.  This court has jurisdiction to review a district court's decision not to depart downward from the applicable guideline range only if the district court based its decision upon an erroneous belief that it lacked the authority to depart.  United States v. Palmer, 122 F.3d 215, 222 (5th Cir. 1999); United States v. Valencia-Gonzales, 172 F.3d 344, 346 (5th Cir.), cert. denied, 528 U.S. 894 (1999).  Contrary to Phillips' assertion, there is no indication in Phillips' sentencing transcript that the district court's refusal to depart was based on anything other than the facts of the case.  Accordingly, the issue is not reviewable.  See Palmer, 122 F.3d at 222.

AFFIRMED.